United States District Court
Southern District of Texas
**ENTERED**
July 26, 2022
Nathan Ochsner, Clerk

United States District Court      Southern District of Texas

| | | |
|---|---|---|
| The Estate of Barbara Jackson Robertson, Deceased, <br>     Plaintiff, <br><br> v. <br><br> Deutsche Bank National Trust Co., <br>     Defendant. | § § § § § § § § § | Civil Action H-21-4085 |

# Report and Recommendation

Deutsche Bank National Trust Co. moves for default judgment on its counterclaims against the Estate of Barbara Jackson Robertson (the Estate) and on its third-party claims against Clayton Jackson III, individually and as the independent administrator of the Estate, and Eddie Robertson. Deutsche Bank further moves that the Estate's claims against Deutsche Bank be dismissed for want of prosecution. The court recommends that both motions be granted.

## 1. *Background and Procedural Posture*

The Estate sued Deutsche Bank in the 234th Judicial District Court of Harris County, Texas. According to the state court petition, ECF No. 1-4, Jackson is the executor of the Estate. Barbara Jackson had entered into a home equity loan secured by the real property located at 4811 Hoffman Street in Houston, Texas. ECF No. 1-4 at 2, 12. Deutsche Bank sought to foreclose on the property for non-payment of the loan. ECF No. 1-4 at 11-14. Deutsche Bank removed the case to federal court based on diversity jurisdiction. ECF No. 1.

The court granted Deutsche Bank leave to file counterclaims and a third-party complaint. ECF No. 6. In its third-party complaint, ECF No. 8, Deutsche Bank sued Clayton Jackson III, individually and as the executor of the Estate, and Eddie Robertson. Deutsche Bank

alleged that it was the current owner and holder of the note that is the subject of this lawsuit and that it was the current mortgagee for the loan. ECF No. 8 at 3. Deutsche Bank alleged that no payments had been made since June 1, 2018, and that the loan was therefore in default. *Id.* at 4. Deutsche Bank further alleged that notice of default and notice of acceleration were sent to Jackson as the administrator of the estate. *Id.* at 4-5. Deutsche Bank thus sought an order permitting foreclosure. *Id.* at 5-6. Deutsche Bank sought the same relief against the Estate in its counterclaim. ECF No. 9. Deutsche Bank does not seek monetary relief.

At a status conference held on March 10, 2022, counsel for the estate moved to withdraw because she was not admitted to practice in federal court. The court orally granted that motion. The court held another hearing on April 8, 2022. The court ordered the Estate to obtain counsel before May 13, 2022, and scheduled a show cause hearing for May 16, 2022, in the event that the Estate failed to obtain counsel. ECF No. 18. Before the show cause hearing, on May 12, 2022, Deutsche Bank filed a request for entry of default on its counterclaims and third-party claims, arguing that the Estate, Jackson, and Robertson had all failed to file answers or responsive pleadings. ECF No. 23. The Clerk of Court entered default on May 16, 2022, as requested. ECF No. 24. The court held another hearing on May 16, 2022. Jackson appeared at the hearing without counsel. The court gave Plaintiff until May 23, 2022, to file a motion to vacate the entry of default. ECF No. 25. Because no motion to vacate entry of default was filed, and no appearance of counsel was made on Plaintiff's behalf, the court entered an order setting a hearing for June 9, 2022, to show cause why the Plaintiff's claims should not be dismissed. ECF No. 26. No one other than counsel for Deutsche Bank appeared at the June 9, 2022 hearing. Deutsche Bank filed the pending motions on June 13, 2022. Six weeks have passed and no responses have been filed.

*2. Analysis*
   *a. Default Judgment*

A motion for default judgment requires the court to determine: (1) if a default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, 2:17-cv-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Judgments by default are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *see also Lindsey*, 161 F.3d at 893.

The Estate, Jackson, and Robertson have all been served with Deutsche Bank's counterclaim and third-party complaint. ECF Nos. 23-2; 19. None of the three have answered or otherwise defended against Deutsche Bank's claims although five months have passed since they were filed. The Clerk's entry of default was appropriate. ECF No. 24. The court has not been made aware of any material fact disputes at issue. There is no evidence that entering a default judgment would substantially prejudice any party. Nor is there evidence that the parties' default was caused by good faith mistake or excusable neglect. The court can envision no reason why the default judgment would need to be set aside. While default judgment is a harsh remedy, it is warranted under the facts of this case. All of the *Lindsey* factors weigh in favor of a default judgment being

procedurally appropriate. The court turns to whether Deutsche Bank has presented a viable claim.

Deutsch Bank's pleadings demonstrate that Barbara Jackson was the borrower on a home equity loan secured by a deed of trust establishing a first lien on the property at 4811 Hoffman Street in Houston. ECF No. 9 at 2-3. Ms. Jackson died intestate on November 4, 2017. *Id.* at 3. On October 9, 2020, a probate court in Harris County declared Ms. Jackson's heirs to be Clayton Jackson III, and Eddie Robertson. *Id.* The estate has not made any payments toward the loan since June 1, 2018. *Id.* Notice of default and acceleration were sent to Jackson in his capacity as the Estate's administrator. *Id. at 4.*

Deutsche Bank alleges that the loan complies with the Texas Constitution, and that it is the current owner and holder of the note. *Id.* Deutsch Bank further alleges that it is the trustee on the deed of trust and that it is entitled to an order authorizing foreclosure. ECF No. 9 at 3-4. Deutsche Bank has attached to its motion for default judgment a declaration from a document control officer with Select Portfolio Servicing, Inc., the loan servicer, confirming the facts alleged in both the counterclaim and the third-party complaint. ECF No. 27-1 at 1-3. Attached to the declaration are all the documents supporting Deutsche Bank's position in this case. Specifically, ECF No. 27-3 is the deed of trust. The power of sale provision is on page 13.

To obtain a judgment for judicial foreclosure, there must be (1) a valid lien on real property securing a debt; and (2) an uncured default under the terms of the debt and security instrument. *Khoung v. Wilmington Savings Fund Soc., FSB*, No. 4:17-CV-494, 2018 WL 4608603 at *7 (E.D. Tex. Sept. 7, 2018) (citing *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied). To foreclose under a security instrument with a power of sale, a lender in Texas must show that:

(1) a debt exists;
(2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution;

4

(3) the borrower is in default under the note and security instrument; and

(4) the borrower received notice of default and acceleration.

*Id.*

As discussed above, Deutsche Bank's pleadings and the evidence attached to the motion for default judgment establish all these elements. Deutsche Bank is therefore entitled to an order permitting foreclosure on the property.

### b. *Dismissal for Want of Prosecution*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. Id. at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" which requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Campbell, 988 F.3d at 801–02 (quoting Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. Id. at 802 (quoting Berry, 975 F.2d at 1191).

The court has given Jackson multiple opportunities to retain counsel, and otherwise to litigate this case on its merits. There is a clear record of delay, which is attributable directly to Jackson, given that he does not have a lawyer. The court has already set and reset hearings and explained to Jackson what the court requires of him. Jackson did not even attempt to move to vacate the entry of default or respond to the pending motions. Those things proved futile. Dismissal is the only sanction left.

*3. Conclusion*

Based on the evidence of record, the court recommends that default judgment be entered in favor of Deutsche Bank in the form of an order authorizing foreclosure. The court further recommends that the Estate's claims against Deutsche Bank be dismissed with prejudice for want of prosecution.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on July 26, 2022.

_____
Peter Bray
United States Magistrate Judge